CULPEPPER, Judge.
This is a workmen’s compensation suit. The plaintiff employee contends he is totally and permanently disabled as a result of an accidental injury to his ankle, while employed by Odell Vinson Oil Field Contractors, Inc. The defendant, The Travelers Insurance Company, is the workmen’s compensation insurer of the employer. From an adverse judgment plaintiff appeals.
The accident occurred on November 1, 1962 and compensation was paid to January 11, 1963. The sole issue presented on appeal is whether plaintiff was disabled beyond the latter date. It is a factual question involving principally a consideration of the expert medical testimony. After a careful review of the record, we find the evidence fully supports the trial judge’s very ably written opinion, the following portion of which we adopt as our own:
“Plaintiff was employed as a dragline oiler, and while assisting in the construction of a drilling rig on a site in Acadia Parish, a large steel beam forming part of the derrick struck him on the left ankle and foot. Following his injury at 10:00 a. m. that day, plaintiff continued work until 7:30 p. m., at which time work was halted. He did *822 not return to the job for the next four days and on November 5, 1962, reported to Dr. B. M. Woodard, a general practitioner in Lake Charles, Louisiana. “Dr. Woodard described his injury as being ‘only a contusion’ and ‘just skinned a little bit.’ He felt that it didn’t justify Mr. Dubois laying off work and immediately released him to return to work, telling him to come back if it bothered him. Dubois did not return to work, and according to Dr. Woodard, plaintiff never returned to his office.
“On November 16, plaintiff was referred by an attorney to Dr. L. E. Shirley, Jr., a general practitioner with special training in orthopaedics. Dr. Shirley testified that he thought Dubois had sustained a widening of the ankle joint, although this didn’t show up on x-ray films, and was also suffering from tendon synovitis.' The latter is a condition wherein the soft tissue of the joint becomes painful when weight is put on it. He stated that this was a permanent condition and that plaintiff would never be able to return to work requiring prolonged standing or walking. Dr. Shirley has treated Dubois with ultrasonic sound on several occasions since the initial visit but felt that he was beyond medical help and nothing could be done for him. Dubois testified that this treatment did him no good.
“On January 10, 1963, Dubois was referred by Dr. Shirley to Dr. C. V. Hatchette, an orthopaedic surgeon. Dr. Hatchette found no evidence of disability and stated that he felt Dubois could return to work.
“On January 25, 1963, Dr. Shirley sent plaintiff to Dr. E. C. Campbell, an or-thopaedic surgeon of Lake Charles, Louisiana, for examination. Although x-rays taken by Drs. Shirley and Hatchette had revealed no injury to plaintiff’s ankle, Dr. Campbell found a small hairline on the ankle which he thought might have represented a healed fracture, although there was no' displacement. He also found a slight widening of the ankle joint which he-concluded could be the result of an injury to the ankle. In his opinion,, though, Dubois was well able to return to work and the Doctor was of the opinion that work would assist any injury to his ankle in healing.”
“Dr. R. W. Levy, a neurosurgeon, examined plaintiff on behalf of defendant and found no evidence of injury. In his opinion, Dubois had no abnormality of the ankle and ‘no neurological disability attributable to his injury.’
“On March 27, 1963, Dr. C. W. Low-rey, an orthopedic surgeon, examined Dubois. Dr. Lowrey found a three-eighths inch atrophy of the calf and slight limitation of motion of Dubois’ ankle, but stated that in his opinion Du-bois could return to the type of work he had been doing and easily perform it for eight or more hours a day. The positive findings noted above, he said, could be attributed to disuse of the ankle. He concluded that Dubois had suffered only a contusion of the tendon of the ankle which had since healed.
“On the basis of the evidence offered, plaintiff has failed to prove the alleged injury. Three orthopaedic surgeons have examined him without finding disability. Dr. Shirley’s testimony, which has been given considerable weight due to his orthopaedic training and his position as treating physician, cannot alone support plaintiff’s contentions. The expert testimony offered by both parties, clearly preponderates against any injury to plaintiff beyond a slight contusion of the ankle.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.